UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY K.S. CHERNEY and
CHARLES R.R. CHERNEY, Individuals

       Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a Government-Sponsored
Enterprise and SETERUS, INC., a Foreign
Corporation

       Defendants.
_____/

File No. 1:15-cv-711

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This is a mortgage foreclosure case. The matter came before the Court on Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc.'s ("Seterus"), Motion to Dismiss Plaintiffs' Complaint (ECF No. 7). Plaintiffs did not respond to the motion within the required timeframe. On January 19, 2016, the Court issued an order notifying the parties that Defendants' motion to dismiss would be treated by the Court as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Court allowed Plaintiffs an additional 30 days to respond. Plaintiffs again failed to file a response. Accordingly, the Court will decide the merits of the motion for summary judgment without waiting for further briefing.

I.

This matter involves the property located at 41 Lynwood Dr., Battle Creek, MI, 49015 (the "Property"). When refinancing the Property, Plaintiffs Mary and Charles Cherney obtained a $93,000 loan from Gordon Lending Corporation (the "Lender") on November 18, 2012. To evidence the Loan, Plaintiffs executed a promissory note payable to the Lender. Plaintiffs secured the loan and note with a mortgage on the Property, which was recorded on December 6, 2002. The mortgage was first assigned to CitiMortgage, Inc., on October 27, 2009, and later assigned to Defendant Fannie Mae on February 11, 2014. The second assignment was recorded on February 20, 2014. Defendant Seterus is the current servicer of the loan.

After Plaintiffs defaulted on their loan, the property was sold to Fannie Mae at a foreclosure sale on December 4, 2014. On June 3, 2015, two days before the expiration of the statutory redemption period, Plaintiffs filed a complaint in the 37th Circuit Court in Calhoun County, Michigan. Defendants removed the case to this Court on July 8, 2015.

II.

Rule 56 of the Federal Rules of Civil Procedure requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party meets its burden, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial" requires the entry of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997).

In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 575, 587 (1986). "[T]he district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Plaintiffs' complaint raises seven claims. Counts 1 through 4 allege wrongful foreclosure, breach of contract, fraudulent misrepresentation, and slander of title. In Count 5, Plaintiffs seek declaratory relief arguing that the foreclosure was barred by the doctrine of unclean hands. In Count 6, Plaintiffs seek a preliminary injunction to enjoin Defendants from pursuing eviction proceedings. In Count 7, Plaintiffs request that this Court use its equitable powers to impose an equitable mortgage.

**A. Wrongful Foreclosure**

Plaintiffs have alleged that wrongful foreclosure occurred under a variety of state and federal statutes and regulations. Specifically, Plaintiffs argue that Defendants violated Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3201 (Compl. ¶¶ 59-60, ECF No. 1-2), federal regulations issued pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Compl. ¶¶ 59, 68-83), and federal regulations issued pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601.

**1. Mich. Comp. Laws § 600.3201**

Plaintiffs argue that Defendants failed to follow the requirements of the foreclosure process set forth in Mich. Comp. Laws § 600.3201. Plaintiffs' complaint appears to allege two deficiencies in Defendants' compliance with the foreclosure process: (1) failure to provide adequate notice; and (2) failure to properly calculate the amount claimed to be due on the notice of foreclosure. Defendants have presented evidence establishing compliance with Michigan law, and Plaintiffs have not disputed this evidence.

Mich. Comp. Laws § 600.3208 requires that notice of foreclosure "shall be given by publishing the same [notice] for 4 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated." *Id.* Within 15 days of publishing the notice, a copy of such notice "shall be posted in a conspicuous place upon any part of the premises described in the notice." *Id.* Defendants have provided an affidavit proving that notice of

foreclosure was posted in the Battle Creek Enquirer on October 29, November 5, November 12, and November 19, 2014. (Aff. of Publication, ECF No. 7-6, PageID.177.) The affidavit also states that on November 6, 2014, notice of foreclosure was posted on the front door of the property. (*Id.* at PageID.178.) Accordingly, Defendants complied with the notice requirements in Mich. Comp. Laws § 600.3208.

Michigan law also provides that the notice must include "[t]he amount claimed to be due on the mortgage on the date of the notice." Mich. Comp. Laws § 600.3212(c). Plaintiffs allege that this amount listed on the foreclosure notice was $90,392.49, when the balance on the mortgage in 2013 was in fact "approximately $84,000." (Compl. ¶¶ 24, 26.) Defendants state that, while the balance on the mortgage was approximately $84,000 in 2013, interest and fees accrued on the balance between 2013 and the date the foreclosure notice was posted and, therefore, the $90,392.49 amount is accurate. (Defs.' Mot. to Dismiss 6, ECF No. 7.) Plaintiffs do not dispute this. And regardless, "'[a] mortgage sale is not necessarily invalid because more is claimed than is in fact due, provided the claim is in good faith.'" *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 663 (Mich. Ct. App. 2007) (quoting *Flax v. Mut. Bldg. & Loan Ass'n of Bay Cnty.*, 165 N.W. 835, 839 (Mich. 1917)). "[A]n excessive claim for the amount due warrants setting aside a foreclosure sale only if it is significantly excessive or in bad faith and an attempt was made to redeem the property." *Id.* Plaintiffs have not alleged that an attempt was made to redeem the property, nor have they shown that the $6,000 discrepancy is "significantly excessive."

Accordingly, Plaintiffs' claim for violation of Mich. Comp. Laws § 600.3201 will be dismissed.

**2. RESPA**

Next, Plaintiffs allege that Defendants violated 12 C.F.R. § 1024.41, *et seq.*, otherwise known as "Regulation X" of RESPA. Plaintiffs argue that the following actions resulted in RESPA violations: Plaintiffs were not informed of their mitigation options nor given any information on how to obtain other loss mitigation assistance; Defendants failed to provide Plaintiffs with direct and ongoing access to servicing personnel; Defendants failed to fairly and adequately review all of the foreclosure alternatives that may have been available to Plaintiffs by which they could retain their home; Defendants continued foreclosure proceedings on Plaintiffs' home despite the fact that a loan modification agreement had been reached between the parties and Plaintiffs were in good standing under the loan modification agreement; Defendants initiated foreclosure proceedings on Plaintiffs' home less than 120 days from Plaintiffs' alleged delinquency on the mortgage; and Plaintiffs were never notified that the servicing of the loan was sold or transferred. (Compl. ¶¶ 78-82, 92.)

Defendants have provided evidence to the contrary. First, Defendants did notify Plaintiffs that they were denied for a loan modification. (ECF No. 7-7, PageID.183) (stating the reason for denial of "Fannie Mae Modification"). Second, Defendants did not continue foreclosure proceedings on Plaintiffs' home despite the fact that a loan modification agreement had been reached. By Plaintiffs' own admission, "Defendants never permanently

modified Plaintiffs' loan." (Compl. ¶ 53.) Third, Defendants did not initiate foreclosure proceedings on Plaintiffs' home less than 120 days from Plaintiffs' alleged delinquency on the mortgage. (ECF No. 7-8, PageID.188) (informing Plaintiffs that they "are currently 192 days past due under the terms of [their] loan" but stating "it is not too late to work together to find a solution"). Fourth, Plaintiffs were notified that the servicing of their loan was sold or transferred. (ECF No. 7-5, PageID.168.) Fifth, the evidence shows that Defendants provided Plaintiffs with access to service personnel. (ECF No. 7-5, PageID.166) (describing "24-hour account access" and a "toll-free customer service line with automated account information"). And outside of Plaintiffs' conclusory allegation set forth in their complaint, there is no indication that Defendants did not adequately review all of the foreclosure alternatives that may have been available to Plaintiffs. In fact, Defendants advised Plaintiffs that they "may have other options to avoid foreclosure. If any of the following [circumstances] applies to you, call us today at 866.570.5277 to see how we can help." (ECF No. 7-7, PageID.183.) Put simply, Defendant Seterus has met its burden of proving compliance with RESPA, and Plaintiffs have failed to provide the Court with an affidavit or any "evidence of an evidentiary quality" to rebut this. *Bailey*, 106 F.3d at 145.

Moreover, to the extent Plaintiffs seek any form of injunctive relief (Compl. ¶¶ 93(A-F)), RESPA does not provide for such relief. *See* 12 C.F.R. § 1024.41 ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C.

2605(f)."); 12 U.S.C. § 2605(f) (providing that monetary damages are the exclusive remedy for RESPA violations).

### 3. Truth in Lending Act

Third, Plaintiffs contend that Defendants violated the Truth in Lending Act (TILA), which requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer[.]" 15 U.S.C. § 1641(g)(1). A claim under 15 U.S.C. § 1641(g)(1) must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the mortgage was assigned from CitiMortgage, Inc. to Defendant Fannie Mae on February 11, 2014. (ECF No. 7-4, PageID.160.) Plaintiffs do not dispute the date of assignment. Even assuming a Section 1641(g)(1) violation occurred, it would have occurred 30 days from February 11, 2014. Thus, Plaintiffs' TILA claim, raised on June 2, 2015, is time barred.

## B. Breach of Contract

Count II of Plaintiffs' complaint alleges that Defendants breached the terms of the Note and Mortgage. (Compl. ¶ 95.) The mortgage provided that, prior to accelerating payment terms, Plaintiffs must be given notice which details: "(a) the default, (b) the action required to cure the default, (c) a date, not less than 30 days from the date the notice is given, by which the default must be cured, and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration . . . ." (Mortgage ¶ 22, ECF No. 7-3,

PageID.156.) Defendants have provided evidence that such notice was given to Plaintiffs on May 20, 2014. The notice stated the default, the action required to cure the default, included a date, more than 30 days from the date the notice was given, by which the default must be cured, and stated that failure to cure the default on or before the date specified may result in acceleration. (ECF No. 7-9, PageID.207.) Plaintiffs do not dispute this evidence, and thus have failed to state a claim for breach of contract.

Moreover, because Plaintiffs have failed to establish that any underlying terms of the contract were breached, Plaintiffs' allegations that "Defendants breached . . . the implied covenant of good faith and fair dealing in the contract" is also meritless. *See Gay v. Fannie Mae*, Docket No. 315868, 2014 WL 4215093, at *2 (Mich. Ct. App. Aug. 26, 2014) ("[T]o invoke the implied covenant of good faith and fair dealing, a litigant must show that a party breached the underlying contract itself").

**C. Fraudulent Misrepresentation**

In Count III, Plaintiffs allege that Defendants made false statements of fact "intended to induce Plaintiffs to refrain from defending the foreclosure of their home in reliance on the representations made by Defendants." (Compl. ¶ 105.) Defendants argue that Plaintiffs have failed to plead this claim with sufficient particularity under Rule 9 of the Federal Rules of Civil Procedure. (Defs.' Mot to Dismiss 16, ECF No. 7.) The Court agrees.

Federal Rule of Civil Procedure 9(b) provides that when alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

9

"This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). Under Michigan law, the elements of fraudulent misrepresentation are:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)).

Plaintiffs do not identify the specific speaker who made the allegedly fraudulent statements, nor do they state where and when the statements were made. The complaint states that Defendants falsely represented that they "would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance options." (Compl. ¶ 102.) Michigan courts have held similar statements lack sufficient particularity to establish a claim of fraud. *Kheder v. Seterus, Inc.*, Docket No. 308227, 2013 WL 1286020, at *11 (Mich. Ct. App. Mar. 28, 2013) (finding allegation that the defendant made a misrepresentation "regarding . . . its commitment not to foreclose as long as plaintiffs were in compliance with the terms of the loan modification agreement" lacks particularity). Accordingly, this claim will be dismissed.

**D. Slander of Title**

"Slander of title claims in Michigan 'have both a common-law and statutory basis.' A plaintiff must prove the same three elements for both a common-law slander of title claim and a claim under Michigan Compiled Laws § 565.109: 'falsity, malice and special damages.'" *Keyes v. Deutsche Bank Nat'l Trust Co.*, 921 F. Supp. 2d 749, 762 (E.D. Mich. 2013) (quotation marks and citations omitted). Plaintiffs request damages simply "[a]s a result of Defendants' slander of title." (Compl. ¶¶ 111, 112.) As Defendants correctly note, "Plaintiffs fail to allege any facts whatsoever indicating in what manner or by what action Defendants have slandered title." (Defs.' Mot. Summ. J. 19, ECF No. 7.) Accordingly, this claim will be dismissed. *See Goodman v. Citimortgage, Inc.*, No. 15-124456, 2015 WL 6387451, at *5 (E.D. Mich. Oct. 22, 2015) (dismissing "woefully inadequate" slander of title claim).

**E. Unclean Hands**

Count V of Plaintiffs' complaint seeks declaratory relief, arguing that "[a]s a result of Defendants' acts of bad faith, Defendants are not entitled to the equitable relief of foreclosure." (Compl. ¶ 117.) Plaintiffs argue that "foreclosure is both a contractual and equitable form of relief, and is therefore not a valid course of action for any foreclosing entity which commences foreclosure proceedings in bad faith or with unclean hands." (*Id.* ¶ 114.) Setting aside the fact that Plaintiffs have failed to allege facts establishing bad faith, this statement is legally incorrect. *Durr v. Bank of Am., N.A.*, No. 12-11840, 2013 WL

6050140, at *7 (E.D. Mich. Nov. 15, 2013) ("[T]he doctrine of unclean hands cannot be applied against Defendants because foreclosure by advertisement is not an equitable action."); *Mission of Love v. Evangelist Hutchinson Ministries*, Docket No. 266219, 2007 WL 1094424, at *4 (Mich. Ct. App. Apr. 12, 2007) (unclean hands doctrine held inapplicable because "defendants were not seeking relief in equity. Their title obtained through the mortgage foreclosure was based in law."). Accordingly, Count V will be dismissed.

### F. Preliminary Injunction

Count VI of Plaintiffs' complaint is for a preliminary injunction. Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, mandates that in stating a claim for relief, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This count does not state a claim for relief, but rather states the specific relief sought, and therefore will be dismissed. *See Terlecki v. Stewart*, 754 N.W.2d 644, 664 (Mich. Ct. App. 2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action."). Regardless, for the reasons stated above, the Court finds that Plaintiffs have not established a likelihood of success on the merits of their claim. Such a finding "is usually fatal" to a party's request for injunctive relief. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The Court will not grant Plaintiffs' request for a preliminary injunction.

**G. Equitable Mortgage**

Lastly, Plaintiffs request that this Court "exercise its equitable powers to impose an equitable mortgage." (Compl. ¶ 135.) "An equitable mortgage is appropriate where the underlying mortgage is void, such as 'when one party intended to grant a secured interest but the instrument actually transferred the property in total to the other party.'" *Upshaw v. Green Tree Servicing, LLC*, No. 15-cv-13866, 2015 WL 9259136, at *6 (E.D. Mich. Dec. 21, 2015) (quoting *In re Sutter*, 665 F.3d 722, 728 (6th Cir. 2012)). Here, as in *Upshaw*, "the parties' relationship is governed by a valid written agreement: the Mortgage. Thus, there is no basis for the Court to intervene and impose an equitable mortgage." *See id.*; *see also Goodman*, 2015 WL 6387451, at *5 ("[T]here is no basis for the Court to impose an equitable mortgage because the Parties' relationship is governed by a written agreement.").

**IV.**

For the reasons stated above, Defendants' motion to dismiss, which the Court has treated as a motion for summary judgment under Rule 56, will be granted. A separate order and judgment will enter consistent

Dated: February 26, 2016                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE